IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 09 B 17915 |
| WAYNE W. MIKA AND MARTHA MIKA, | ) ) | Hon. Pamela S. Hollis |
| Debtors. | ) | |

### FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period February 22, 2010 through May 28, 2010. In support of this Application, Much Shelist respectfully states as follows:

1. On May 18, 2009, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Trustee was subsequently appointed, qualified and continues to serve as Trustee in this case.

3. On March 4, 2010, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.

4. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has not received any compensation for services rendered or reimbursement of out-of-pocket expenses incurred in this matter.

5. Much Shelist is entitled to receive final compensation in the amount of $4,077.00 plus reimbursement of out-of-pocket expenses in the amount of $3.00 for services rendered during the period February 22, 2010 through May 28, 2010.

6. Much Shelist provided 8.30 hours of services on behalf of the Trustee during the time period covered by this application. The majority of the legal services were performed by the Trustee. The Trustee has taken care to differentiate between his attorney services and his Trustee services. A statement of the Trustee's services is attached hereto as Exhibit "A".

7. The following is a summary of time expended, by individual, during the time period covered by this application:

| **Attorney** | **Hours Expended** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| Norman B. Newman | 6.30 hrs. | $570.00/hr. | $3,591.00 |
| Jeffrey L. Gansberg | .80 hrs. | $375.00/hr. | 300.00 |
| | | | |
| **Paralegal** | | | |
| Nancy Sulak | 1.20 hrs. | $155.00/hr. | 186.00 |
| | | | |
| **TOTAL:** | **8.30 hrs.** | | **$4,077.00** |

8. Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

2

9. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10. During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A. **General Administration (Tab 1)**: Much Shelist expended 3.60 hours in connection with confirming the sale of real estate inherited by the Debtor, Wayne Mika, and his receipt of sale proceeds. At the Section 341 meeting, the Trustee was informed of a possible inheritance of an interest in real estate from Mr. Mika's recently deceased mother. Counsel communicated with the Debtor's attorney regarding the status of the inheritance and the Trustee's interest therein. Counsel expended time consulting with an accountant regarding possible tax issues relating to inherited property in bankruptcy. Counsel engaged in telephonic and written communications with Debtor's counsel regarding the turnover of proceeds from the eventual sale of the property.

The individual who provided services with respect to this matter and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.60 hrs. | $570.00/hr. | $2,052.00 |
|  |  |  |  |
| **TOTAL:** | **3.60 hrs.** |  | **$2,052.00** |

B. **Retention of Professionals (Tab 2)**: Counsel expended 1.30 hours with the preparation, filing and appearance in Court on the motion to employ attorneys for Trustee. The individuals who provided services with respect to this matter and the time expended by them are as follows:

3

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | .50 hrs. | $570.00/hr. | $285.00 |
| Jeffrey L. Gansberg | .80 hrs. | $375.00/hr. | $300.00 |
| | | | |
| TOTAL: | 1.30 hrs. | | $585.00 |

C. **Fee Related Matters (Tab 3):** Counsel expended 3.40 hours in connection with the preparation of this final fee application. A summary of the time expended is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.20 hrs. | $570.00/hr. | $1,254.00 |
| | | | |
| **Paralegal** | | | |
| Nancy Sulak | 1.20 hrs. | $155.00/hr. | 186.00 |
| | | | |
| TOTAL: | 3.40 hrs. | | $1,440.00 |

11. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $3.00. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

12. The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate. There are sufficient funds to pay the one unsecured creditor's claim in full, plus interest, all costs of administration and a surplus payment to the Debtors. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

4

1. Granting this Application and awarding Much Shelist final compensation in the amount of $4,077.00 plus reimbursement of out-of-pocket expenses in the amount of $3.00, for services rendered during the period February 22, 2010 through May 28, 2010;

2. Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist Denenberg Ament & Rubenstein, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-521-2000
Facsimile: 312-521-2100